UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Precision Global Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| Direct Equity Source Corporation | § § § | |
| Defendant. | § § § § | **JURY DEMAND** |

## ORIGINAL COMPLAINT

Plaintiff Precision Global Corporation ("PGC"), by and through its undersigned counsel of record, hereby files its Original Complaint ("Complaint") against Defendant Direct Equity Source Corporation ("Defendant"), and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff Precision Global Corporation is a Texas corporation, having a principal place of business at 106 W Kaufman Street, Rockwall, TX 75087.

2. Defendant Direct Equity Source Corporation is a Texas corporation, having a principal place of business at 3 Greenway Plaza, Suite 1320, Houston, Texas 77046. Defendant may be served through its Texas Registered Agent, LegalCorp Solutions, LLC, at 3 Greenway Plaza, Suite 1320, Houston, Texas 77046.

## JURISDICTION

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a) because PGC's copyright infringement claims and false advertising claim arise under the

1

copyright laws of the United States, including 17 U.S.C. § 501 *et seq.*, and the trademark laws of the United States, including 15 U.S.C. § 1125 *et seq.*

4. The Court has personal jurisdiction over the Defendant because Defendant is a resident of the State of Texas, and because the Defendant committed copyright infringement and engaged in false advertising in whole or in part, in the State of Texas (as described in more detail below). These torts and statutory violations of the Copyright Act and the Lanham Act have directly damaged PGC, a Texas corporation with its principal place of business located in Rockwall County, Texas. The exercise of personal jurisdiction over the Defendant in the State of Texas in this case is authorized by Chapter 17 of the Texas Civil Practice and Remedies Code and does not offend traditional notions of fair play and substantial justice.

## VENUE

5. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) and (c) because (1) this action arises from torts committed by the Defendant in this District that have damaged PGC in this District, (2) a substantial part of the events or omissions giving rise to this action occurred in this District, (3) a substantial part of the property that is the subject of the action (e.g., PGC's intellectual property) is situated in this District, and (4) the Defendant is subject to personal jurisdiction in this District at the time this case is commenced.

## FACTS

6. PGC is a family-owned private equity firm within the Private Real Estate Syndications sector that was founded in 2014. With strategic focus in Self-Storage Facility and luxury RV Park Community commercial developments, PGC boasts a substantial portfolio of real estate holdings valued at over $300 million that encompasses 1.2 million net-rentable square feet across the United States. PGC has a proven track record in passive investment partnerships with

accredited investors and asset management that exemplifies its commitment to delivering exceptional value and growth in real estate.

7. Defendant is a competing private equity firm that was formed on June 7, 2023. As of June 7, 2023, Defendant had no projects and no past projects because it was a newly formed entity, so any marketing materials suggesting that the Defendant had completed or was engaged in completing any projects as of June 7, 2023 were necessarily false.

8. PGC owns all rights, titles, and interests in original works of authorship "SR 16 " (U.S. Copyright Registration No. VA 2-413-930), "HWY 52" (U.S. Copyright Registration No. VA 2-413-948), and "1626" (U.S. Copyright Registration No. VA 2-413-942) (collectively, "Works"). *See* Exhibit A, PGC Copyrighted Images on Corporate Webpage.

9. The Works were created by professional photographers paid by PGC to provide videos and still images of past and pending PGC projects.

10. PGC has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other laws governing copyrights and has secured the exclusive rights and privileges in and to the copyrights in the Works.

11. PGC's copyrights in the Works are valid and subsisting, and have been valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this action have occurred.

12. The Works correspond to three AAA Storage projects financed and managed by PGC (i.e., AAA Storage SR-16, AAA Storage HWY 52, and AAA Storage 1626), which along with another PGC project (i.e., AAA Storage 1826) (collectively, "PGC Projects"), were located in Florida and Texas.

13. The Works are shown on the PGC website in conjunction with their respective PGC Projects. *See* Exhibit A, PGC Copyrighted Works on Corporate Website.

14. By early 2024, to deceptively and falsely increase the nature and number of projects that Defendant had been involved in since its 2023 inception, Defendant unlawfully copied, used, and displayed the Works ("Infringing Images") on its website (www.directequitysource.com) ("Defendant's Website") for an undetermined period of time to assert that PGC Projects were Defendant's projects. *See* Exhibit B, Infringing Images on Defendant's Website.

15. Upon information and belief, Defendant unlawfully copied the Works directly from PGC's corporate website (www.precisionglobalcorp.com).

16. Defendant was never authorized or otherwise licensed to use, copy, distribute, use, publish, or make derivative copies of the Works.

17. Defendant's unlawful use and unauthorized display on Defendant's Website of the Works also falsely, deceptively, and materially stated that the PGC Projects were "Past Projects" of Defendant Direct Equity Source Corporation. *See* Exhibit C, Defendant Website's False Claims of Past Projects.

18. Upon information and belief, Defendant established and raised funds ("AAA Fund") to compete with PGC in the self-storage market space by falsely claiming that Defendant had financed and managed projects that were in fact financed and managed by PGC.

## CAUSES OF ACTION

## COUNT I – COPYRIGHT INFRINGEMENT

19. PGC incorporates and adopts by reference Paragraphs 1-18 of the Complaint as if fully set forth herein.

20. PGC is the owner of registered copyrights in the Works. *See* Exhibit D, Copyright Certificates of Works.

21. Defendant infringed the Works by copying, distributing, using, and/or publishing the Infringing Images on Defendant's Website.

22. PGC engaged and paid professional photographers to create videos and associated still images of PGC projects to promote its business, including but not limited to the Works, which Defendant unlawfully appropriated without authorization and then proceeded to use to deceive clients and potential clients (of PGC and Defendant) into believing that Defendant had a much longer and extensive track record of pending and completed projects in the self-storage market space than was possible for a company formed in 2023.

23. The acts of infringement by Defendant have caused damage to PGC, and PGC is entitled to recover from Defendant the damages sustained by PGC as a result of the wrongful acts in an amount subject to proof at trial. Defendant infringement of PGC's exclusive rights under 17 U.S.C. § 106 will continue to damage PGC's business, causing irreparable harm (including loss of market share), for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II – FALSE ADVERTISING

24. PGC incorporates and adopts by reference Paragraphs 1-23 of the Complaint as if fully set forth herein.

25. PGC financed and managed the four PGC Projects, which were located in Florida and Texas.

26. Defendant's Website contains a false, misleading, deceptive, and material statement that Defendant financed and managed the four PGC Projects when those projects were financed and managed by PGC, not the Defendant.

27.     The services performed by PGC for the PGC Projects were performed in interstate commerce, which include services performed in Texas and Florida.

28.     Potential customers and financiers of storage projects were deceived or had the capacity to be deceived by Defendant falsely claiming credit for PGC Projects in the competitive self-storage market space.

29.     The acts of false advertising by Defendant have caused competitive damage to PGC, and PGC is entitled to recover from Defendant the damages sustained by PGC as a result of the wrongful acts in an amount subject to proof at trial, including but not limited to the monies contained in Defendant's AAA Fund, which funds were raised through the acts of false advertising committed by the Defendant. The Defendant's false advertising, designed to deceptively convince investors to invest in the AAA Fund, has caused PGC competitive damage by allowing Defendant to unfairly compete with PGC by falsely claiming credit for PGC work performed in the self-storage market space.

## JURY DEMAND

PGC demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, PGC respectfully prays that a final judgment be entered, and that the following relief be granted:

(1)     Ordering an accounting by Defendant of its activities in connection with its infringement of PGC's copyrighted Works, including its gross profits and income generated as a result of its infringing activities;

(2) Ordering and adjudging that PGC have and recover from the Defendant actual damages plus the Defendant's profits, costs of suit, lost profits, and pre-judgment and post-judgment interest as allowed by law for the acts of direct copyright infringement;

(3) Ordering preliminary and permanent injunctions enjoining the aforesaid acts of copyright infringement by the Defendant, its officers, agents, servants, employees, subsidiaries and attorneys, and those persons acting in concert with them, including related individuals and entities, customers, clients, and representatives;

(4) Ordering and adjudging that PGC have and recover from the Defendant actual damages (trebled) plus Defendant's profits, costs of suit, lost profits, and pre-judgement and post-judgement interest as allowed by law for the false advertising violations of the Lanham Act;

(5)  Awarding attorneys' fees and costs of suit to PGC pursuant to 15 U.S.C. § 1117(a) or as otherwise permitted by law against the Defendant; and

(6) Awarding PGC such other and further relief as this Court deems just and proper.


Dated: September 25, 2024

Respectfully submitted,

s/ Michael B. Regitz
Michael B. Regitz
Attorney-in-Charge
Texas Bar No. 24051238
mike@regitzmauck.com
Dustin M. Mauck
Texas Bar No. 24046373
dustin@regitzmauck.com

**RegitzMauck PLLC**
1700 Pacific Avenue, Suite 2610
Dallas, TX 75201
Telephone: (214) 414-3813
Facsimile: (214) 414-3814

Counsel for Precision Global Corporation